

**ORANGE COUNTY – STATE OF NEW YORK**
**ANN G. RABBITT, COUNTY CLERK**
**255 MAIN STREET**
**GOSHEN, NEW YORK 10924**

**COUNTY CLERK'S RECORDING PAGE**
*****THIS PAGE IS PART OF THE DOCUMENT – DO NOT DETACH*****

BOOK/PAGE: 14517 / 1465
INSTRUMENT #: 20190005409

Receipt#: 2602534
Clerk: RB
Rec Date: 01/23/2019 03:37:20 PM
Doc Grp: RP
Descrip: MAG
Num Pgs: 10
Rec'd Frm: FIRST AMERICAN MORTGAGE SOLUTIONS

Party1: FASULLO MARIANNE CALICC
Party2: WILMINGTON SAVINGS FUND SOCIETY TR
Town: WARWICK (TN)
31-2-30.11

Recording:

| | |
|---|---|
| Recording Fee | 70.00 |
| Cross References | 0.50 |
| Cultural Ed | 14.25 |
| Records Management - Coun | 1.00 |
| Records Management - Stat | 4.75 |
| Sub Total: | 90.50 |

Mortgage Tax
TAXABLE MTGE AGMT - SEE A
FFT

| | |
|---|---|
| Basic | 193.50 |
| MTA Additional | 116.10 |
| Special Additional | 0.00 |
| Special Assistance | 96.75 |
| Local | 0.00 |
| Sub Total: | 406.35 |
| Total: | 496.85 |

**** NOTICE: THIS IS NOT A BILL ****

***** Mortgage Tax *****
Serial #: DJ-7769
F - 3 to 6 Unit
Mtg Amt: 38685.65

| | |
|---|---|
| Basic | 193.50 |
| MTA Additional | 116.10 |
| Special Assistance | 96.75 |
| Total: | 406.35 |

Payment Type: Check ___
Cash ___
Charge ___
No Fee ___

Comment: ________________

Ann G. Rabbitt
Orange County Clerk

Record and Return To:

ELECTRONICALLY RECORDED BY SIMPLIFILE

When recorded mail to:
FAMS-DTO Rec
3 First American Way
Santa Ana, CA 92707
Shellpo | 737.2
R2 Fasullo
11683335
ALTA
E-Record

Prepared by:
Matthew Machac
Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 (MS 157)
Greenville, SC 29601
Telephone: 866-825-2174

**[Space Above This Line For Recording Data]**

**Modification Agreement**

**Document Date:** 10/9/2018

**FHA Case No:**
**Original Mortgagor:** Marianne Calice Fasullo
**Address:** 53 Ackerman Rd, Warwick, NY, 10990
**Original Mortgagee:** Quicken Loans
**Present Holder of the Note and Lien:** Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2014-4TT
**Holder's Mailing Address:** c/o New Penn Financial, LLC D/B/A Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 Greenville, SC 29601 **(Greenville County)**
**Original Loan Amount:** $132,275.00
**Pre-Mod Unpaid Balance:** $118,696.11
**New Money (Cap Amount):** $38,685.65
**New Unpaid Balance:** $157,381.76
**County & State:** Orange, NY
**Recorded Original Mortgage** on 5/18/2010, Instrument #: N/A, Book: 13004, Page: 1341
**Parcel #:** 31-2-30.11
**Legal Description:** See Attached Exhibit "A"

The Real Property is Improved by a One or Two-Family Dwelling Only

## Mortgage Schedule

**1. A mortgage to secure an original principal indebtedness of $132,275.00, and any other amounts or obligations secured thereby, recorded May 18, 2010 as BOOK 13004 PAGE 1341 OF OFFICIAL RECORDS.**

**Dated: April 20, 2010**
**Mortgagor: MARIANNE CALICCHIO FASULLO, A MARRIED WOMAN**
**Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR**
**LENDER: QUICKEN LOANS INC.**
**Mortgage Tax Paid: $1,359.15**

**According to public records, the foregoing document was assigned to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP by assignment recorded August 02, 2012 as BOOK 13387 PAGE 0816 of Official Records.**

**According to public records, the foregoing document was assigned to SECRETARY OF HOUSING AND URBAN DEVELOPMENT by assignment recorded August 11, 2017 as BOOK 14272 PAGE 1926 of Official Records.**

**According to public records, the foregoing document was assigned to GCAT 2014-4, LLC by assignment recorded August 30, 2017 as BOOK 14283 PAGE 341 of Official Records.**

**According to public records, the foregoing document was assigned to WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BCAT 2014-4TT by assignment recorded September 12, 2017 as BOOK 14288 PAGE 1627 of Official Records.**

Upon recording return to:
Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 (MS 157)
Greenville, SC 29601
Telephone: 866-825-2174
Loan Number: 0578127403
NMLS #: 3013




[Space Above This Line For Recording Data]

# MODIFICATION AGREEMENT

Borrower ("I"): Marianne Calice Fasullo
Lender or Servicer ("Lender"): Shellpoint Mortgage Servicing ("Shellpoint")
Date of mortgage, deed of trust, or security deed ("Mortgage") and Note: 04/20/2010
Loan Number: 0578127403
Property Address ("Property"): 53 Ackerman Rd, Warwick, NY 10990

If my representations and covenants in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return the original versions of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

   B. The Property has not been condemned.

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

   D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Modification Program ("Program")).

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so.

   G. I have made or will make all payments required under a Trial Period Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents.

   B. The Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date, as set fourth in Section 3, has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified

1 If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

on 10/01/2018 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a *Trial Period Plan, this modification* will not take effect. The first modified payment will be due on 10/01/2018.

A. The Maturity Date will be 09/01/2048.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $157,381.76 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of 4.5% will begin to accrue on the New Principal Balance as of 09/01/2018 and the first new monthly payment on the New Principal Balance will be due on 10/01/2018. My payment schedule for the modified Loan is as follows:

| Number of Monthly Payments | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 360 | 4.5% | 09/01/2018 | $707.53 | $838.60 May adjust periodically | $1,546.13 May adjust periodically | 10/01/2018 |

*The escrow payments may be adjusted periodically in accordance with applicable law; therefore, my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that if I have a pay option adjustable rate mortgage loan, upon modification the minimum monthly payment option, the interest-only, or any other payment options will no longer be offered. The monthly payments, as described in the above payment schedule for my modified Loan, will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default, the interest that will be due will be the rate set forth in Section 3.C.

F. THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THAT IS DUE. THE AMORTIZED TERM OF YOUR LOAN IS GREATER THAN THE LENGTH OF YOUR MORTGAGE, RESULTING IN A FINAL BALLOON AMOUNT. YOUR FINAL BALLOON AMOUNT, $68,269.10, IS DUE UPON YOUR MATURITY DATE OF 09/01/2048.

4. **Additional Agreements.** I understand and acknowledge that:

A. All persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased, (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the Divorce Decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents), or (iii) the Lender has waived this requirement in writing.

B. This Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. I must comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. This Agreement constitutes notice that the Lender's waiver as to payment of escrow items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. The Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.



G. As of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. As of the Modification Effective Date, the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. As of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents

the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. The mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. *If my Loan Documents* govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

Space Below this Line for Individual Acknowledgement

Marianne Calice Fasullo [signature] (Seal) Oct 29, 2018 (Date)

Signed, acknowledged and delivered in the presence of:

Witness ______________________ (Seal)
Witness ______________________ (Seal)

State of New York

County of Orange

On the 29th day of October in the year 2018 before me, the undersigned, a Notary Public in and for said State, personally appeared Marianne Calice Fasullo, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

Witness my hand and official seal, this 29th day of October, 2018.

Notary Signature [signature] (Seal)

Witness ______________________ (Seal)

JACQUELINE M. APPEL
Notary Public, State of New York
No. 01AP6041313
Qualified in Orange County
Commission Expires May 8, 2022

(Official Seal)

Typed/Printed Name: ______________________

Notary Public, State of: ______________________

(VA Notaries) Reg. No.: ______________________

My Commission Expires: ______________________

Space Below this Line for Corporate Acknowledgement

**Authorized Signer (Lender)Title** [signature] (Seal) Assistant Secretary New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing

Signed, acknowledged and delivered in the presence of: Tochivas Austin

State of SC

County of Greenville

I certify Tochivas Austin personally appeared before me this 30 day of October, 2018 and acknowledged that he or she is an authorized signer for New Penn Financial dba Shellpoint Mortgage Servicing. I have personal knowledge of the identity of said officer, acknowledging to me that he or she voluntarily signed the foregoing document on behalf of the corporation for the purposes stated therein and in the capacity indicated.

Witness my hand and official seal, this 30 day of October, 2018.

Notary Signature [signature] (Seal)

Witness ______________________ (Seal)

Typed/Printed Name: Pamela Rowell

Notary Public, State of: SC

(VA Notaries) Reg. No.: ______________________

My Commission Expires: 07-18-27

PAMELA ROWELL MY COMMISSION EXPIRES 7/18/2027 NOTARY PUBLIC SOUTH CAROLINA

(Official Seal)

**Exhibit "A"**

Real property in the Town of **WARWICK**, County of **ORANGE**, State of **New York**, described as follows:

BEGINNING AT A POINT IN ACKERMAN ROAD, SAID POINT BEING THE BEGINNING CORNER OF A 42 ACRE, MORE OR LESS, TRACT OF LAND DESCRIBED AS THE SECOND TRACT CONVEYED BY ELEANOR ACKERMAN, ET ALS, TO E. WILHELMINA ACKERMAN BY DEED DATED MARCH 10, 1947 AND RECORDED IN THE ORANGE COUNTY CLERK'S OFFICE IN LIBER 1037 OF DEEDS AT PAGE 201, AND FROM BEGINNING POINT.

RUNNING THENCE ALONG A WIRE FENCE SOUTH 82 DEGREES 58 MINUTES 40 SECONDS WEST 556.66 FEET TO A POINT;

THENCE NORTH 9 DEGREES 59 MINUTES 30 SECONDS WEST 280.00 FEET TO A POINT;

THENCE NORTH 82 DEGREES 58 MINUTES 40 SECONDS EAST 462.79 FEET TO A POINT IN THE CENTERLINE OF ACKERMAN ROAD;

THENCE ALONG THE SAME, SOUTH 31 DEGREES 49 MINUTES 20 SECONDS EAST, 20 FEET TO A POINT;

THENCE SOUTH 20 DEGREES 54 MINUTES 20 SECONDS EAST, 99.85 FEET TO THE POINT AND PLACE OF BEGINNING.

Premises described in Schedule "A" are known as:
Address: 53 ACKERMAN RD
County: ORANGE
District: N/A
Section: 31
Block: 2
Lot: 30.11

APN #: **31-2-30.11**

NY SMS No 578127403 Mod

**AFFIDAVIT UNDER SECTION 255 TAX LAW**

STATE OF South Carolina )
COUNTY OF Greenville )

Tochivas Rashad Austin. being duly sworn, deposes and says:

That he/she is, the owner and holder, or the agent of the owner and holder, of the hereinafter described mortgage, and is familiar with the facts and circumstances set forth herein.

1. That a certain mortgage made by Marianne Calice Fasullo in favor of Quicken Loans, in the amount of $132,275.00 and recorded in or as Document No. N/A, in Liber 13004, and Folio 1341, on 5/18/2010 in the County of Orange, in the State of New York, at which time the mortgage tax in the amount of $1,359.15 was duly paid. The pre-modification unpaid Principal Balance is $118,696.11. ***** See Attached Mortgage Schedule*****
2. The instrument offered for recording herewith is a Modification of Mortgage made by New Penn Financial dba Shellpoint Mortgage Servicing and Marianne Calice Fasullo, effective 10/1/2018 and recorded in the County of Orange, in the State of New York.
3. The Instrument offered for recording herewith modified the Mortgage and does not create or secure any new or further lien, indebtedness, or obligation other than the principal indebtedness or obligation secured by the Mortgage, with the exception of the following amount:
   (a) Unpaid principal balance secured by the Mortgage: $118,696.11
   (b) New unpaid principal balance: $157,381.76
   (c) Capped principal balance: $38,685.65
   (d) Additional obligations secured by the Mortgage as modified:

Additional mortgage recording tax of $406.35, is therefore being paid on this Modification on the sum set forth in Section 3c.

Wherefore, affiant respectfully requests that the Loan Modification Agreement tendered herewith for recording be declared exempt from taxation pursuant to the provisions of Section 255 of Article 11 of the Tax Law of the state of New York.

Tochivas Austin
Tochivas Rashad Austin - Assistant Secretary For New Penn Financial dba Shellpoint Mortgage Servicing

Sworn to before me this 3rd day of January 2019

ELVALINA L. BARKSDALE MY COMMISSION EXPIRES 4/15/2024 NOTARY PUBLIC SOUTH CAROLINA

Notary Public Signature

Notary Public Printed Name/Expiration Date

ELVALINA L. BARKSDALE
Notary Public, State of South Carolina
My Commission Expires 4/15/2024

NY SMS No 578127403 Mod

When recorded mail to:
FAMS-DTO Rec
3 First American Way
Santa Ana, CA 92707
Shellpo | 737.2
R2 Fasullo

11683335

ALTA
E-Record

Prepared by:
Matthew Machac
Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 (MS 157)
Greenville, SC 29601
Telephone: 866-825-2174

**[Space Above This Line For Recording Data]**

**Modification Agreement**

**Document Date:** 10/9/2018

**FHA Case No:**
**Original Mortgagor:** Marianne Calicc Fasullo
**Address:** 53 Ackerman Rd, Warwick, NY, 10990
**Original Mortgagee:** Quicken Loans
**Present Holder of the Note and Lien:** Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2014-4TT
**Holder's Mailing Address:** c/o New Penn Financial, LLC D/B/A Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 Greenville, SC 29601 **(Greenville County)**
**Original Loan Amount:** $132,275.00
**Pre-Mod Unpaid Balance:** $118,696.11
**New Money (Cap Amount):** $38,685.65
**New Unpaid Balance:** $157,381.76
**County & State:** Orange, NY
**Recorded Original Mortgage** on 5/18/2010, Instrument #: N/A, Book: 13004, Page: 1341
**Parcel #:** 31-2-30.11
**Legal Description:** See Attached Exhibit "A"

The Real Property is Improved by a One or Two-Family Dwelling Only

**AFFIDAVIT UNDER SECTION 255 TAX LAW**

STATE OF South Carolina )
COUNTY OF Greenville )

Tochivas Rashad Austin, being duly sworn, deposes and says:

That he/she is, the owner and holder, or the agent of the owner and holder, of the hereinafter described mortgage, and is familiar with the facts and circumstances set forth herein.

1. That a certain mortgage made by Marianne Calice Fasullo in favor of Quicken Loans, in the amount of $132,275.00 and recorded in or as Document No. N/A, in Liber 13004, and Folio 1341, on 5/18/2010 in the County of Orange, in the State of New York, at which time the mortgage tax in the amount of $1,359.15 was duly paid. The pre-modification unpaid Principal Balance is $118,696.11. *** **See Attached Mortgage Schedule******
2. The instrument offered for recording herewith is a Modification of Mortgage made by New Penn Financial dba Shellpoint Mortgage Servicing and Marianne Calice Fasullo, effective 10/1/2018 and recorded in the County of Orange, in the State of New York.
3. The Instrument offered for recording herewith modified the Mortgage and does not create or secure any new or further lien, indebtedness, or obligation other than the principal indebtedness or obligation secured by the Mortgage, with the exception of the following amount:
   (a) Unpaid principal balance secured by the Mortgage: $118,696.11
   (b) New unpaid principal balance: $157,381.76
   (c) Capped principal balance: $38,685.65
   (d) Additional obligations secured by the Mortgage as modified:

Additional mortgage recording tax of $406.35, is therefore being paid on this Modification on the sum set forth in Section 3c.

Wherefore, affiant respectfully requests that the Loan Modification Agreement tendered herewith for recording be declared exempt from taxation pursuant to the provisions of Section 255 of Article 11 of the Tax Law of the state of New York. Tochivas Austin

Tochivas Rashad Austin - Assistant Secretary For
New Penn Financial dba Shellpoint Mortgage Servicing

Sworn to before me this 3rd day of January 2019

ELVALINA L. BARKSDALE MY COMMISSION EXPIRES 4/15/2024 NOTARY PUBLIC SOUTH CAROLINA

Elvalina L. Barksdale
Notary Public Signature

Notary Public Printed Name/Expiration Date

ELVALINA L. BARKSDALE
Notary Public, State of South Carolina
My Commission Expires 4/15/2024

NY SMS No 578127403 Mod

**Mortgage Schedule**

**1. A mortgage to secure an original principal indebtedness of $132,275.00, and any other amounts or obligations secured thereby, recorded May 18, 2010 as BOOK 13004 PAGE 1341 OF OFFICIAL RECORDS.**

**Dated: April 20, 2010**
**Mortgagor: MARIANNE CALICCHIO FASULLO, A MARRIED WOMAN**
**Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR**
**LENDER: QUICKEN LOANS INC.**
**Mortgage Tax Paid: $1,359.15**

**According to public records, the foregoing document was assigned to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP by assignment recorded August 02, 2012 as BOOK 13387 PAGE 0816 of Official Records.**

**According to public records, the foregoing document was assigned to SECRETARY OF HOUSING AND URBAN DEVELOPMENT by assignment recorded August 11, 2017 as BOOK 14272 PAGE 1926 of Official Records.**

**According to public records, the foregoing document was assigned to GCAT 2014-4, LLC by assignment recorded August 30, 2017 as BOOK 14283 PAGE 341 of Official Records.**

**According to public records, the foregoing document was assigned to WILMINGTON SAVINGS FUND SOCIETY, FSB, DOING BUSINESS AS CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR BCAT 2014-4TT by assignment recorded September 12, 2017 as BOOK 14288 PAGE 1627 of Official Records.**

Upon recording return to:
Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 (MS 157)
Greenville, SC 29601
Telephone: 866-825-2174
Loan Number: 0578127403
NMLS #: 3013



[Space Above This Line For Recording Data]

# MODIFICATION AGREEMENT

Borrower ("I"): Marianne Calice Fasullo

Lender or Servicer ("Lender"): Shellpoint Mortgage Servicing ("Shellpoint")

Date of mortgage, deed of trust, or security deed ("Mortgage") and Note: 04/20/2010

Loan Number: 0578127403

Property Address ("Property"): 53 Ackerman Rd, Warwick, NY 10990

If my representations and covenants in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return the original versions of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

   B. The Property has not been condemned.

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

   D. I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Modification Program ("Program")).

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so.

   G. I have made or will make all payments required under a Trial Period Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents.

   B. The Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date, as set fourth in Section 3, has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified

1 If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.





on 10/01/2018 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a Trial Period Plan, this modification will not take effect. The first modified payment will be due on 10/01/2018.

A. The Maturity Date will be 09/01/2048.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $157,381.76 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. Interest at the rate of 4.5% will begin to accrue on the New Principal Balance as of 09/01/2018 and the first new monthly payment on the New Principal Balance will be due on 10/01/2018. My payment schedule for the modified Loan is as follows:

| Number of Monthly Payments | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
|---|---|---|---|---|---|---|
| 360 | 4.5% | 09/01/2018 | $707.53 | $838.60 May adjust periodically | $1,546.13 May adjust periodically | 10/01/2018 |

*The escrow payments may be adjusted periodically in accordance with applicable law; therefore, my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that if I have a pay option adjustable rate mortgage loan, upon modification the minimum monthly payment option, the interest-only, or any other payment options will no longer be offered. The monthly payments, as described in the above payment schedule for my modified Loan, will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default, the interest that will be due will be the rate set forth in Section 3.C.

F. THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THAT IS DUE. THE AMORTIZED TERM OF YOUR LOAN IS GREATER THAN THE LENGTH OF YOUR MORTGAGE, RESULTING IN A FINAL BALLOON AMOUNT. YOUR FINAL BALLOON AMOUNT, $68,269.10, IS DUE UPON YOUR MATURITY DATE OF 09/01/2048.

4. **Additional Agreements.** I understand and acknowledge that:

A. All persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased, (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the Divorce Decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents), or (iii) the Lender has waived this requirement in writing.

B. This Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. I must comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. This Agreement constitutes notice that the Lender's waiver as to payment of escrow items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. The Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.



G. As of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. As of the Modification Effective Date, the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. As of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents

the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. The mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

Space Below this Line for Individual Acknowledgement

Marianne Calice Fasullo *Marianne Calice-Fasullo* (Seal) *Oct 29, 2018* (Date)

Signed, acknowledged and delivered in the presence of:

Witness ______________________ (Seal)
Witness ______________________ (Seal)

State of *New York*

County of *Orange*

On the *29th* day of *October* in the year *2018* before me, the undersigned, a Notary Public in and for said State, personally appeared *Marianne Calice Fasullo*, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

Witness my hand and official seal, this *29th* day of *October*, 20*18*.

Notary Signature *Jacqueline Appel* (Seal)

Witness ______________________ (Seal)

Typed/Printed Name: ______________________

Notary Public, State of: ______________________

(VA Notaries) Reg. No.: ______________________

My Commission Expires: ______________________

JACQUELINE M. APPEL
Notary Public, State of New York
No. 01AP60[illegible]1313
Qualified in Orange County
Commission Expires May 8, 20 *22*

(Official Seal)

Space Below this Line for Corporate Acknowledgement

**Authorized Signer (Lender)Title** *Tochivas Austin* (Seal) Assistant Secretary New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing

Signed, acknowledged and delivered in the presence of: Tochivas Austin

State of *SC*

County of *Greenville*

I certify *Tochivas Austin* personally appeared before me this *30* day of *October*, 20*18* and acknowledged that he or she is an authorized signer for New Penn Financial dba Shellpoint Mortgage Servicing. I have personal knowledge of the identity of said officer, acknowledging to me that he or she voluntarily signed the foregoing document on behalf of the corporation for the purposes stated therein and in the capacity indicated.

Witness my hand and official seal, this *30* day of *October*, 20*18*.

**Notary Signature** *Pamela Rowell* (Seal)

Witness ______________________ (Seal)

Typed/Printed Name: *Pamela Rowell*

Notary Public, State of: *SC*

(VA Notaries) Reg. No.: ______________________

My Commission Expires: *07-18-27*

PAMELA ROWELL
MY COMMISSION EXPIRES 7/18/2027
NOTARY PUBLIC, SOUTH CAROLINA

(Official Seal)

**Exhibit "A"**

Real property in the Town of **WARWICK**, County of **ORANGE**, State of **New York**, described as follows:

BEGINNING AT A POINT IN ACKERMAN ROAD, SAID POINT BEING THE BEGINNING CORNER OF A 42 ACRE, MORE OR LESS, TRACT OF LAND DESCRIBED AS THE SECOND TRACT CONVEYED BY ELEANOR ACKERMAN, ET ALS, TO E. WILHELMINA ACKERMAN BY DEED DATED MARCH 10, 1947 AND RECORDED IN THE ORANGE COUNTY CLERK'S OFFICE IN LIBER 1037 OF DEEDS AT PAGE 201, AND FROM BEGINNING POINT.

RUNNING THENCE ALONG A WIRE FENCE SOUTH 82 DEGREES 58 MINUTES 40 SECONDS WEST 556.66 FEET TO A POINT;

THENCE NORTH 9 DEGREES 59 MINUTES 30 SECONDS WEST 280.00 FEET TO A POINT;

THENCE NORTH 82 DEGREES 58 MINUTES 40 SECONDS EAST 462.79 FEET TO A POINT IN THE CENTERLINE OF ACKERMAN ROAD;

THENCE ALONG THE SAME, SOUTH 31 DEGREES 49 MINUTES 20 SECONDS EAST, 20 FEET TO A POINT;

THENCE SOUTH 20 DEGREES 54 MINUTES 20 SECONDS EAST, 99.85 FEET TO THE POINT AND PLACE OF BEGINNING.

Premises described in Schedule "A" are known as:
Address: 53 ACKERMAN RD
County: ORANGE
District: N/A
Section: 31
Block: 2
Lot: 30.11

APN #: **31-2-30.11**

NY SMS No 578127403 Mod